IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03129-MEH

DARNELL EMERSON WASHINGTON,

    Plaintiff,

v.

JOANN O'NEAL, HEAD OF MENTAL HEALTH,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Darnell Emerson Washington ("Plaintiff"), a pro se prisoner, alleges violations of his constitutional and statutory rights by Defendant Joann O'Neal ("Defendant"), head of mental health at Fremont Correctional Facility. ECF 21. He brings claims pursuant to 42 U.S.C. § 1983 against Defendant in her individual and official capacities for violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA") in his Amended Prisoner Complaint ("Amended Complaint"). *Id.* Defendant has filed the present motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6). ECF 29. The Motion is fully briefed. As set forth below, this Court grants Defendant's Motion, but also grants Plaintiff leave to amend his complaint.

## FACTUAL BACKGROUND

    The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in his Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that he suffers from mental health issues, including depression, bipolar disorder, and schizophrenia. ECF 21 at 4. Plaintiff sees a psychiatrist every three to four months for medication but states that he otherwise is not being treated. *Id.* Plaintiff is designated as a "P-4-N" on a scale of mental health severity (with "P-1-N" being least severe and "P-5-N" being most severe). *Id.* Defendant knows Plaintiff's condition, as she has received multiple emails requesting help for Plaintiff. *Id.* at 5. Her response "is always" that Plaintiff will be seen by someone. *Id.* at 6. On one occasion, Defendant saw Plaintiff in her office and told him that he would be assigned a therapist once a month. *Id.* at 7–8. She also told Plaintiff that she understood the difficulties for "for someone who comes from a mental health facility to adapt to a bigger facility." *Id.* at 8. In another meeting with Plaintiff, Defendant expressed that she would assign him a therapist and provide help "getting into programs." *Id.* at 8–9. Despite these comments, "[Defendant] has not allowed [Plaintiff] to be seen by any of her mental health staff." *Id.* at 9. Apparently, someone from "another facility" saw Plaintiff and requested that Defendant "have her providers see" him, but she "ignored [the request] 5 or 6 times." *Id.* Requests on Plaintiff's behalf have also been made by his psychiatrist and nurses. *Id.* at 9–10. Defendant has not acted on any of them. *Id.* at 10. To date, Plaintiff has "not received mental health care." *Id.* at 8. Plaintiff requests one million dollars in damages and good-time credits. *Id.* at 12.

## **PROCEDURAL BACKGROUND**

Plaintiff filed suit on November 1, 2019 against "Head of Mental Health, Jane Doe, John Doe." ECF 1. He asserted claims for alleged violations of the Eighth Amendment and the ADA. *Id.* During initial review, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint within thirty days to cure deficiencies regarding the ADA claim and Plaintiff's request for good-time credits. ECF 6 at 3. If Plaintiff only intended to pursue the Eighth

2

Amendment claim, he did not need to file an amended complaint. *Id.* Plaintiff filed a "motion to answer to court order" ("ECF 7") stating that he wished to continue the case without the ADA claim but wanted to add the good-time credit request for relief. ECF 7 at 1. Accordingly, after Plaintiff did not file an amended complaint, Magistrate Judge Gallagher issued a recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant in her official capacity and permit the individual capacity claim to be drawn. ECF 10 at 5. Magistrate Judge Gallagher also recommended granting ECF 7 "to the extent Plaintiff clarifie[d] he is not asserting an ADA claim" and denying it "to the extent Plaintiff [sought] to add an Eighth Amendment claim regarding good time and earned time credits." *Id.* at 4. Senior District Judge Lewis T. Babcock accepted and adopted the recommendation, and the case was drawn to the undersigned. ECF 11. The parties consented to magistrate judge jurisdiction on August 25, 2020. ECF 17, 30.

At a scheduling conference on March 17, 2020, Plaintiff informed the Court that he intended to file an amended complaint to reflect the properly named defendant. *See* ECF 19. On April 28, 2020, Plaintiff filed the operative Amended Complaint, expressly naming Defendant. Plaintiff also included a claim under the ADA and indicated that he was suing Defendant in her individual and official capacities. ECF 21.

## LEGAL STANDARDS

### I.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context

3

of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here

4

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Plaintiff's Amended Complaint asserts claims against Defendant for violation of the Eighth Amendment (under 28 U.S.C. § 1983) and the ADA, 42 U.S.C. § 1210, *et seq*. Defendant raises two arguments for dismissal. First, Plaintiff attempts to bring claims that have already been dismissed. Second, she is entitled to qualified immunity, because Plaintiff does not plausibly state a constitutional violation. For the reasons set forth below, the Court grants Defendant's Motion.

However, the Court also grants Plaintiff leave to amend, because it cannot find that amendment would be futile.

I.      **Dismissed Claims**

Plaintiff attempts to revive his ADA claim, his Eighth Amendment official capacity claim, and his request for good-time credits in his Amended Complaint. Judge Babcock already dismissed those claims. Though Judge Babcock's order does not explicitly state whether the dismissal is with or without prejudice, there is a presumption that dismissals for failure to state a claim are with prejudice. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("Dismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case."); *Lujan v. Dreis*, 414 F. App'x 140, 143 (10th Cir. 2011) (unpublished) ("We presume the dismissal was with prejudice since a dismissal for failure to state a claim . . . [is a] decision[] on the merits."). Finding no basis to stray from the presumption, Plaintiff cannot reassert his claims against Defendant. *See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. April 5, 2018) ("[T]he dismissal with prejudice means the plaintiff cannot return to federal court with the same claims."). Therefore, the Court grants the Motion with respect to the ADA claim, the official capacity claim, and the request for good-time credits.

II.     **Qualified Immunity**

With respect to the individual capacity claim under Section 1983, Defendant asserts the defense of qualified immunity. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a

6

mere defense to liability. *Id.* The defense of qualified immunity requires that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court will begin by analyzing whether Plaintiff states a plausible constitutional violation.

A. Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal citation omitted). A claim for deliberate indifference must satisfy an objective and subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if the plaintiff can show that "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Id.* (citation and quotation marks omitted). "To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* (citation and quotation marks omitted). "'[A]n inadvertent failure to provide adequate medical care' does not give rise to an Eighth Amendment violation." *Id.* (quoting *Estelle*, 429 U.S. at 105–06).

Defendant argues that Plaintiff's allegations fail to establish either the objective or subjective component. Mot. at 7–11. Plaintiff responds that the subjective component is met,

7

because Defendant knew of Plaintiff's condition "and failed to correct her actions." Resp. at 4. Plaintiff asserts the objective component is satisfied, because Defendant knew that not treating him would lead to him "trying to kill [himself]." ECF 21 at 5. Because Plaintiff fails the objective component, the Motion must be granted.

"[T]he question raised by the objective prong of the deliberate indifference test is whether the alleged harm . . . is sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). "A 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 751 (quoting *Sealock v. Colorado*, 87 F.3d 1205, 1209 (10th Cir. 2000)). For a case involving allegations of delay in treatment, the plaintiff must show "'that the delay resulted in substantial harm,' a requirement that 'may be satisfied by' a showing of 'lifelong handicap, permanent loss, or considerable pain.'" *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018) (quoting *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014)). "Alternatively, a condition must be sufficiently serious so as [to] constitute risk of serious harm." *Silverstein v. Fed. Bureau of Prisons*, 559 F. App'x 739, 753 (10th Cir. 2014) (quoting *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001)).

Plaintiff contends that he needs his daily medication, or he will "end up harming" himself. ECF 21 at 7. His allegations indicate that he has seen physicians and received necessary medication. *Id.* at 9–10. Plaintiff does not allege denial or delay in receiving this medication; rather, Plaintiff alleges delay in Defendant providing him with a therapist. The alleged delay in seeing a therapist is putting Plaintiff at "substan[t]ial risk of serious harm." ECF 21 at 6. Plaintiff identifies his history of swallowing razor blades "and other attempts of killing [himself]" as evidence of this risk. *Id.* at 6.

Defendant argues that these allegations fail to demonstrate the requisite substantial harm for the objective component. Mot. at 9. The Court agrees. In alleging delay in treatment, Plaintiff needs to show actual, "substantial harm." *Vasquez*, 882 F.3d at 1275. Plaintiff does not allege any specific instance where he has tried to harm himself, or even contemplated doing so, as a result of the lack of seeing a therapist every month. He alleges possible harm when he does not have his medication but does not bring a claim regarding that aspect of his treatment. Similarly, Plaintiff's allegations that he was not placed into certain programs fail to establish a substantial harm. ECF 21 at 8–9. As currently pleaded, the Amended Complaint does not allege a "lifelong handicap, permanent loss, or considerable pain." *Vasquez*, 882 F.3d at 1275. Therefore, the Court finds no adequately pleaded, sufficiently serious harm.

Alternatively, to satisfy the objective component, "a condition must be sufficiently serious so as [to] constitute a substantial risk of serious harm." *Silverstein*, 559 F. App'x at 753. Risk of serious self-harm can satisfy this component. *See Oakleaf v. Martinez*, 297 F. Supp. 3d 1221, 1230 (D.N.M. 2018) (evidence of considering self-harm demonstrates a sufficiently serious medical need); *Palakovic v. Wetzel*, 854 F.3d 209, 230 (3d Cir. 2017) (sufficiently serious injury "[w]hen mentally ill, depressed person has attempted to kill himself multiple times, has engaged in self-harm, declares he has been thinking about killing and harming himself, and has made an actual plan of how he would carry out his own suicide"); *Vann v. Vandenbrook*, 596 F. Supp. 2d 1238, 1242 (W.D. Wis. 2009) ("suicide attempts pose a serious risk of harm to a prisoner's health and safety"). The Tenth Circuit has held that "in the context of mental health, . . . the Eighth Amendment may be implicated by the infliction of psychological harm but that '[t]he *actual extent* of any . . . psychological injury is pertinent in proving a substantial risk of serious harm.'" *Id.* at 754 (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001)).

9

Plaintiff alleges that by "not getting any mental health" treatment, he is being put "at a substantial risk of serious harm." ECF 21 at 6. However, that allegation is belied by Plaintiff's other allegations. For example, Plaintiff claims he is not receiving any mental health treatment but states that he sees a psychiatrist every three to four months for his medications. *Id*. at 4. Nonetheless, Plaintiff does not allege adequate facts for the Court to determine the "actual extent" of his claimed psychological injury. *See Benefield*, 241 F.3d at 1272 ("The actual extent of any physical injury, threats or psychological injury is pertinent in proving a substantial risk of serious harm."). Put differently, Plaintiff does not specifically allege how the denial of seeing a therapist every month contributes to his substantial risk of serious self-harm. In the Amended Complaint, Plaintiff describes his history of self-harm, including allegedly swallowing razors. ECF 21 at 6. Without facts connecting the denial of a therapist to any such actions by Plaintiff, his allegation of substantial risk of harm is conclusory. Accordingly, the Court finds no well-pleaded, sufficiently serious risk of harm. Absent that, Plaintiff has not plausibly pleaded the objective component, and qualified immunity is appropriate.[1]

B.    Leave to Amend

Having found Plaintiff insufficiently pleaded his claim against Defendant, the Court now turns to the issue of whether dismissal of the claim should be with or without prejudice. Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements,

---

[1] As such, the Court will not analyze the subjective component.

10

dismissal of the complaint without prejudice is preferable." *Id.* However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming*, 573 F. App'x at 769 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). In this case, the Court cannot say that amendment would be utterly futile. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.) ("We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" (quoting *Perkins v. Kans. Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). Thus, Plaintiff's claim for deliberate indifference is dismissed without prejudice, and Plaintiff is granted leave to file a second amended complaint.

## CONCLUSION

The Court **GRANTS** Defendant's Motion [filed August 25, 2020; ECF 29] as follows: the ADA claim, the Section 1983 official capacity claim, and the request for good-time credits are dismissed with prejudice, and the remaining individual capacity claim for deliberate indifference is dismissed without prejudice. Additionally, the Court grants Plaintiff leave to file a second amended complaint on or before November 10, 2020.

Respectfully submitted this 15th day of October, 2020, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge