IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03129-MEH

DARNELL EMERSON WASHINGTON,

    Plaintiff,

v.

JOANN O'NEAL, HEAD OF MENTAL HEALTH,

    Defendant.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Darnell Emerson Washington ("Plaintiff"), a pro se prisoner, alleges violations of his constitutional rights by Defendant Joann O'Neal ("Defendant"), head of mental health at Fremont Correctional Facility ("Fremont"). ECF 44. He brings a claim pursuant to 42 U.S.C. § 1983 against Defendant in her individual capacity for violation of the Eighth Amendment in his Second Amended Prisoner Complaint ("SAC"). *Id.* Defendant has filed the present motion to dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6). ECF 45. The Motion is fully briefed. As set forth below, this Court grants Defendant's Motion.

## **FACTUAL BACKGROUND**

    As an initial matter, the Court notes that Plaintiff's response (ECF 48) contains allegations that do not appear in the SAC. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010). There are limited exceptions to this general rule by which a court may consider materials beyond the four corners of the complaint. *Id.* These three exceptions are: "(1) documents that the complaint incorporates by reference; (2)

documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Id.* (internal citations and quotations omitted). Plaintiff's response (with the new allegations therein) does not fall under any of those three exceptions; accordingly, the Court need not consider them in the adjudication of the Motion.[1] *See Erickson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014) (finding that the district court did not err in "failing to consider the materials" a pro se litigant "attached to his response in opposition" to a motion to dismiss); *Evans v. Doizaki*, No. 10-cv-01658-PAB-BNB, 2011 WL 4383017, at *3 (D. Colo. Aug. 29, 2011), *report and recomm. Adopted*, No. 10-cv-01658-PAB-BNB, 2011 WL 4375013 (D. Colo. Sept. 20, 2011) ("[A] plaintiff cannot rectify his pleading deficiencies by asserting new facts in a brief opposing a motion to dismiss.") (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)).

Therefore, looking only at the SAC, the following are material factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that he suffers from mental health issues, including depression, bipolar disorder, and schizophrenia. SAC at 1. In June 2018, Defendant and other mental health providers interviewed Plaintiff to continue mental health treatment upon Plaintiff's transportation to Fremont. *Id.* at 3. Subsequently, Defendant "[intentionally] refused to allow her mental health

---

[1] Nor will the Court construe the addition of these allegations as a request to amend Plaintiff's Complaint. *See* Fed. R. Civ. P. 15(a)(2); *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) ("[C]ourts have no obligation to permit a pleading amendment when a litigant does not file a formal motion for leave to amend.").

providers to meet with [Plaintiff] upon [his] arrival." *Id.* Plaintiff also asserts that Defendant sent "unqualified correctional officers to talk to" him about his mental health. *Id.*

Plaintiff also asserts that he sees a psychiatrist every three to four months for medication. *Id*. Plaintiff is designated as a "P-4-N" on a scale of mental health severity (with "P-1-N" being least severe and "P-5-N" being most severe). *Id.* Defendant knows about Plaintiff's condition, as she has received multiple emails requesting help for Plaintiff. *Id.* In allowing Plaintiff's "pain and suffering to continue . . . for over 2 years[,]" Defendant's inaction has resulted in Plaintiff causing harm to himself. *Id.* at 2. This includes "swallowing razor blades, attempting to hang [himself], covering [himself] with feces, and cutting [himself]." *Id.* at 4. Other correctional officers, mental health therapists, and a grievance coordinator have informed Defendant about Plaintiff's condition. *Id.*

Plaintiff asserts that he tried to participate in an alcohol and drugs program called "TC." *Id.* TC has a "mental health unit" for those who were transferred from mental health facilities and rank high on the mental health scale. *Id.* As part of this program, Plaintiff sat down with a Jane Doe in December 2019, who told him that he was downgraded to a "P-3-N" without receiving any treatment. *Id.* Jane Doe also agreed with Plaintiff that he should be in a mental health housing unit. *Id.* She reported to Defendant on Plaintiff's situation, but Defendant did not remedy anything. *Id.* After that, Jane Doe refused to meet with Plaintiff again. *Id.* Since arriving at Fremont, Plaintiff has met with providers from other facilities at an inconsistent rate and with a provider from Fremont on one occasion. *Id.*

**LEGAL STANDARDS**

**I.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this

interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Plaintiff's SAC brings a claim against Defendant for violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. Defendant raises the defense of qualified immunity and asserts three arguments for dismissal. First, Plaintiff fails to establish that any delay in medical treatment resulted in substantial harm. Mot. at 4. Second, disagreement about the course of treatment does not constitute a constitutional violation. Third, Defendant did not personally participate in any denial or delay of Plaintiff's treatment. Because the Court agrees with Defendant as to the second argument, the Motion must be granted.

**I.     Qualified Immunity**

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* The defense of qualified immunity requires that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236

(2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court begins by analyzing whether Plaintiff states a plausible constitutional violation.

A. <u>Deliberate Indifference</u>

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal citation omitted). A claim for deliberate indifference must satisfy an objective and subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if the plaintiff can show that "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Id.* (citation and quotation marks omitted). "To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* (citation and quotation marks omitted). "'[A]n inadvertent failure to provide adequate medical care' does not give rise to an Eighth Amendment violation." *Id.* (quoting *Estelle*, 429 U.S. at 105–06).

1. Objective Element

Defendant argues that Plaintiff fails to satisfy the objective element because he does not establish that any alleged delay in medical treatment caused substantial harm. Mot. at 4. The Court disagrees. "[T]he question raised by the objective prong of the deliberate indifference test is whether the alleged harm . . . is sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). "A 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 751 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

In this case, Plaintiff alleges that he has been diagnosed with mental health disorders, including depression, bipolar disorder, and schizophrenia. SAC at 1. This is adequate to state a sufficiently serious medical need. *Gray v. Geo Group, Inc.*, 727 F. App'x 940, 945 (10th Cir. 2018) (allegations that plaintiff "was diagnosed and treated for the cited mental health disorders is sufficient to establish the objective component of his deliberate indifference claim").

Additionally, as Plaintiff's allegations demonstrate this is a delay in treatment case, he must demonstrate a substantial harm, "a requirement that 'may be satisfied by' a showing of 'lifelong handicap, permanent loss, or considerable pain.'" *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018) (quoting *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014)). "Alternatively, a condition must be sufficiently serious so as [to] constitute risk of serious harm." *Silverstein v. Fed. Bureau of Prisons*, 559 F. App'x 739, 753 (10th Cir. 2014) (quoting *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001)). Risk of serious self-harm can satisfy this component. *See Oakleaf v. Martinez*, 297 F. Supp. 3d 1221, 1230 (D.N.M. 2018) (evidence of considering self-harm demonstrates a sufficiently serious medical need); *Palakovic v. Wetzel*, 854 F.3d 209, 230 (3d Cir. 2017) (sufficiently serious injury "[w]hen mentally ill, depressed person has attempted to kill himself multiple times, has engaged in self-harm, declares he has been thinking about killing and harming himself, and has made an actual plan of how he would carry out his own suicide"); *Vann v. Vandenbrook*, 596 F. Supp. 2d 1238, 1242 (W.D. Wis. 2009) ("suicide attempts pose a serious risk of harm to a prisoner's health and safety"). The Tenth Circuit has held that "in the context of mental health, . . . the Eighth Amendment may be implicated by the infliction of psychological harm but that '[t]he *actual extent* of any . . . psychological injury is pertinent in proving a substantial risk of serious harm.'" *Silverstein*, 559 F. App'x at 754 (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001)).

8

Here, Plaintiff's allegations demonstrate a serious risk of self-harm. Plaintiff directly alleges that Defendant's inaction for over 2 years has resulted in Plaintiff causing harm to himself, including "swallowing razor blades, attempting to hang [himself], covering [himself] with feces, and cutting [himself]." SAC at 4. This is different from Plaintiff's First Amended Complaint ("FAC") in which he discussed a history of self-harm but provided no allegation connecting a denial or delay in care to an injury. ECF 21. Further, unlike with Plaintiff's FAC, the Court now can determine the "actual extent" of Plaintiff's psychological injury. *Silverstein*, 559 F. App'x at 754. Therefore, giving Plaintiff's SAC a liberal construction, the Court finds that Plaintiff has plausibly pleaded the objective element of his deliberate indifference claim.

    2.     Subjective Element

For the subjective element, Tenth Circuit caselaw recognizes two types of conduct that constitute deliberate indifference. First, there are cases in which a medical professional fails to treat a serious medical condition properly. *Sealock*, 218 F.3d at 1211. Second, deliberate indifference can exist when there are instances of prison officials preventing an inmate from receiving treatment or denying him access to the appropriate personnel capable of providing or evaluating the need for treatment. *Id.* The Court finds neither conduct adequately pleaded here.

Plaintiff alleges that Defendant was aware of his condition on multiple instances. He met with her prior to his transfer to Fremont, his psychiatrist sent her emails, and other officials met with her. SAC at 1, 4. Despite Defendant's knowledge, Plaintiff contends that he has not "received mental health treatment." *Id.* at 1. Simultaneously, Plaintiff asserts that he has received some treatment. Plaintiff has seen a psychiatrist every three to four months for the medication that he takes, met with providers from other facilities and, on at least one occasion, met with a provider at

Fremont. *Id.* at 3–4. Thus, Plaintiff complains not that he has been denied all treatment but that the treatment he has received is inadequate.

The Tenth Circuit has held that disagreeing with prison officials regarding "a particular course of treatment" does not satisfy the subjective prong of a deliberate indifference claim. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *see Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (finding no cruel and unusual punishment when prisoner received medication but did not receive elective surgery sooner). Additionally, in the case of a doctor, "the subjective component is not satisfied, absent an extraordinary degree of neglect, [when] a doctor merely exercises his considered medical judgment." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). Actions that "fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." *Id.* Those decisions generally do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 107 ("a matter for medical judgment . . . . does not represent cruel and unusual punishment").

The Court finds the Tenth Circuit's opinion in *Gray v. Geo Group, Inc.* instructive here. In that case, the prisoner alleged that he was diagnosed with bipolar, depressive, and psychotic disorders. 727 F. App'x at 944. Once transferred to a new facility, he failed to receive medications for these disorders due to recurring errors by prison staff. *Id.* He warned at least six prison officials, including the health services administrator and chief mental health officer, of this problem and explained that he needed the medication to remain stable. *Id.* The prisoner alleged that none of the officials took any steps "to correct the persistent medication errors[,]" and, consequently, he became mentally unstable. *Id.* The Tenth Circuit held that these allegations, namely "that he notified the named defendants of the persistent medication errors and their potential consequences and of his deteriorating mental health and that they did not take action to

10

abate these conditions[,] satisf[y] the subjective component of" his deliberate indifference claim. *Id.* at 945.

Here, Plaintiff's case is distinguishable from *Gray*. Although Plaintiff alleges that he has received no mental health treatment, his other allegations belie that point (*e.g.*, seeing a psychiatrist every three to four months for medication). Unlike the prisoner in *Gray* who received no care due to prison officials' errors, Plaintiff's SAC demonstrates that he has received some treatment. Thus, the Court finds that Plaintiff's desire for additional or different treatment is best framed as a disagreement about his course of treatment. *See Spencer v. Abbott*, 731 F. App'x 731, 747 (10th Cir. 2017) (finding that providing some treatment "is easily distinguishable from circumstances involving a medical professional's *complete* denial of obviously necessary medical care") (emphasis added). That disagreement may very well give rise to a claim for negligence or medical malpractice, but that is insufficient to state a constitutional violation. *Vasquez*, 882 F.3d at 1278. It is not clear from the SAC (or the briefing) whether Defendant is a medical doctor in addition to being the Head of Mental Health, but even if she is, the decisions regarding Plaintiff's "forms of treatment," *Estelle*, 429 U.S. at 107, are medical judgments which do not give rise to an Eighth Amendment claim. Construing Plaintiff's SAC liberally, the Court also views Plaintiff allegation that he was prevented from residing in the mental health unit of TC as part of his deliberate indifference claim. SAC at 5. Again, though, this is a disagreement about a course of treatment that is not actionable under the Eighth Amendment. Therefore, none of Plaintiff's allegations plausibly demonstrate, based on precedent, that Defendant has consciously disregarded a

11

substantial risk of serious harm to Plaintiff.  *Self*, 439 at 1231.  Consequently, Defendant is entitled to qualified immunity, and Defendant's Motion must be granted.[2]

## II.     Leave to Amend

Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable."  *Id.*  However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming*, 573 F. App'x at 769 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).  In this case, Plaintiff has already amended his Complaint twice.  The first time was to name the proper defendant (*see* ECF 19, 21), and the second time was in response to this Court's order dismissing Plaintiff's claims but granting Plaintiff leave to file another complaint (ECF 42, 44).  Having reviewed Plaintiff's three complaints regarding Defendant's conduct, the Court believes that allowing amendment for the third time would be futile.  Plaintiff's fundamental claim against Defendant concerns his dissatisfaction with his mental health treatment.  As mentioned in this Order, that is insufficient to state a claim for deliberate indifference as a matter of law, and amendment to add additional allegations would not change that.  Hence, a third amended complaint

---

[2] In so ruling, the Court does not address Defendants' remaining argument concerning Defendant's personal participation.

would be subject to dismissal and thus futile. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.) ("We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" (quoting *Perkins v. Kans. Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). Accordingly, Plaintiff's claim for deliberate indifference is dismissed with prejudice.

## **CONCLUSION**

For the reasons stated herein, the Court **grants** Defendant's Motion [filed November 30, 2020; ECF 45]. Plaintiff's remaining claim for deliberate indifference is dismissed with prejudice. The Court directs the Clerk of the Court to close this case.

Entered this 12th day of January, 2021, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge